Jacob Markowitz, J.
(dissenting). I dissent and vote to reverse the disposition below, grant plaintiff’s motion for summary judgment, and deny defendant’s cross motion to dismiss the complaint.
Differential treatment afforded women does not necessarily condemn legislation (see Hoyt v. Florida, 368 U. S. 57; People v. Schweinler Press, 214 N. Y. 395). Indeed, the laws affecting jury service in this State make such a distinction based on sex in that, while women are permitted to serve on juries, the Legislature has seen fit to award them, on request, an exemption from compulsory jury service (Judiciary Law, §§ 662, 665, 666).
In the instant matter, plaintiff has been refused by the defendant board treatment otherwise afforded a male employee called to jury service (payment of full salary less jury fees earned) on the theory that her service was not “required” since she had means available to her to avoid such service.
The fact that the Legislature, with perhaps some rational justification, has seen fit to treat women as a special class in one instance does not mean, however, that defendant has the right, in this particular instance, to promulgate a regulation which discriminates against women who fail to take advantage of a legislative privilege afforded their sex.
In Matter of Downie (5 Ed. Dept. Rep. 72, 73) the Acting Commissioner of Education, in commenting on the identical regulation, stated: “I find some difficulty with this bylaw and have concluded that it is much too broad. Jury duty is a civic obligation of all citizens. There was a time when women were ineligible to serve on juries but the Legislature, in its wisdom, has determined that there is no more reason why women may not serve on a jury than a man. In making the change, however, the Legislature accorded to a woman the privilege of asking for an exemption and such exemption is apparently absolute.
“ The Board of Education of New York City School District has, by this bylaw, overruled the action of the Legislature, because it has elected to penalise a woman, who does not take advantage of the statute, by refusing to pay her. There is no logical reason why teachers should not serve on juries ” (emphasis supplied).
The distinction made by the respondent between the matter at bar and Downie is untenable since in no conceivable manner may it be said that the Downie decision turned on the fact that the petitioner there waived her exemption before she entered the teaching service and was unable to revoke her waiver. Were that the case, her jury service would have been in the *1091 ‘1 required ’ ’ category and there would have been no need to go into the question of discrimination. It was the inequity of the rule itself and its discriminatory features which moved the Acting Commissioner in Downie who, in addition to ordering payment, directed the board to “ review its rule in accordance with the foregoing” (p. 74).
The statement in the decision below that the plaintiff should not be ‘ ‘ unduly worried about the courts having an adequate supply of jurors ’ ’ was unwarranted. As a citizen she is entitled to harbor such concern, and as a teacher of the young she should be commended for implementing it. Her concern for the courts appears to be no different than the concern of the court below for the schools, where it states (p. 239): “It seems to me that a school would be better off if all teachers (male and female) were not taken away from the classroom for jury duty”. (Emphasis supplied.) This may be so, but this is a matter for the Legislature to determine. As was stated in Downie, (supra pp. 73-74): “ bills have been placed before the Legislature for many years seeking to relieve teachers from the obligation of serving on a jury and the Legislature has refused to enact them. It is quite apparent, therefore, that the action of the board of education, through indirection and penalization in attempting to require teachers, especially women teachers, to refuse to serve is contrary to the public policy adopted by the Legislature and in fact is contrary to the general policy of the State relative to service on juries.”
The regulation as herein applied is discriminatory and unfair. Were similar regulations made applicable to females wherever they may be employed, the detriment to a well-balanced jury system is obvious. While the private sector of the economy should encourage jury service, government, even more so, should lead the way in making jury service not an economic hardship.
The order below should be reversed and judgment entered for plaintiff.
Order affirmed, etc.